IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARGARET FULLERTON
HENDERSON SPENCER
ROMANOV,

        Plaintiff,

  vs.

CHEVRON,

        Defendant.
_____/

No. CIV S-09-2231 GEB DAD PS

FINDINGS AND RECOMMENDATIONS

        Plaintiff, proceeding pro se, has filed a document titled "Notice to Adverse Parties of Filing of Notice of Removal." Plaintiff's Notice was accompanied by an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding has been referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff's in forma pauperis application is incomplete. Plaintiff indicates that she is not employed but fails to include information about her last employment, as required by the form. Plaintiff also indicates that she has received disability or workers compensation payments in the past 12 months but fails to state the source of such payments, the amount received during the past 12 months, and the amount she expects to continue to receive. Plaintiff's incomplete application should be denied for failure to make the showing required by 28 U.S.C. § 1915.

1  Even if plaintiff were to make the required showing of indigency, the mere
2  determination that a party is unable to pay the filing fee does not complete the inquiry required
3  by the in forma pauperis statute. Under 28 U.S.C. § 1915(e)(2), a case must be dismissed if the
4  action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks
5  monetary relief against an immune party. Upon consideration of plaintiff's notice of removal and
6  attached complaint, the undersigned finds that the action must be remanded because the
7  attempted removal is improper and the district court lacks jurisdiction over the action.

8  The removing party bears the burden of establishing federal jurisdiction. Abrego
9  Abrego v. Dow Chemical Co., 443 F.3d 676, 682-83 (9th Cir. 2006) ("In cases removed from
10  state court, the removing defendant has 'always' borne the burden of establishing federal
11  jurisdiction. . . ."); Westinghouse Elec. Corp. v. Newman & Holtzinger, 992 F.2d 932, 934 (9th
12  Cir. 1993) ("The party seeking removal has the burden of establishing federal jurisdiction . . . .").
13  Courts strictly construe the removal statutes against removal jurisdiction, and any doubt as to the
14  right of removal must be resolved in favor of remand. Duncan v. Stuetzle, 76 F.3d 1480, 1485
15  (9th Cir. 1996); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Conclusory allegations
16  of jurisdictional facts will not suffice, and a removed case should be remanded by the district
17  court if the removing party fails to establish the necessary jurisdictional facts by a preponderance
18  of evidence. Gaus, 980 F.2d at 567; Beaver v. NPC Int'l, 451 F. Supp. 2d 1196, 1198 (D. Or.
19  2006); Bosinger v. Phillips Plastics Corp., 57 F. Supp. 2d 986, 988-89 (S.D. Cal. 1999).

20  Here, plaintiff contends that removal has been accomplished "under the
21  provisions of 28 U.S.C. § 1446(d)." She also asserts that "[u]nder 28 USC §§ 1441, 1446, and
22  Federal Rules of Civil Procedure, Rule 81(c), this action now will be placed on the docket of this
23  District Court." The federal statute that authorizes the removal of civil actions from state courts
24  to federal district courts explicitly permits removal only "by the defendant or defendants." 28
25  U.S.C. § 1441(a). This requirement is reiterated in the procedural statute relied upon by plaintiff:
26  "A **defendant or defendants** desiring to remove any civil action or criminal prosecution from a

State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ." 28 U.S.C. § 1446(a) (emphasis added). Indeed, the specific subsection cited by plaintiff provides that "[p]romptly after the filing of such notice of removal of a civil action **the defendant or defendants** shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal." 28 U.S.C. § 1446(d) (emphasis added).  Plaintiff's filing of a notice of removal in this court and any subsequent filing of a copy of that notice in the Sacramento County Superior Court cannot effect removal to the district court.  Accordingly, the undersigned will recommend that plaintiff's application to proceed in forma pauperis be denied and that plaintiff's action be remanded to the state court.

For the reasons set forth above, IT IS RECOMMENDED that:

1. Plaintiff's August 12, 2009 motion to proceed in forma pauperis be denied;

2. Plaintiff's action be remanded to the Sacramento County Superior Court; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **ten** days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 21, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\romanov2231.f&r.ifpden

3